IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| ROBERT WILSON, | * |
| Plaintiff, | * |
| v. | * |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | * No. 4:14CV00607-JJV |
| Defendant. | * |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Robert Wilson, appeals the final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits under Title II of the Social Security Act and for supplemental security income benefits under Title XVI of the Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.    BACKGROUND**

On May 6, 2011, Plaintiff protectively filed for benefits due to chest pain, high blood pressure, congestive heart failure, pacemaker implantation, and a rash. (Tr. 29, 141) His claims were denied initially and upon reconsideration. At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on March 26, 2013, where Plaintiff appeared with his lawyer. At the hearing, the ALJ heard testimony from Plaintiff and a vocational expert ("VE"). (Tr. 26-39)

The ALJ issued a decision on May 24, 2013, finding that Plaintiff was not disabled under the Act. (Tr. 11-20) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

Plaintiff, who was fifty-seven years old at the time of the hearing, has a high school education and past relevant work experience as a landscaper and custodian. (Tr. 30-31)

**II.    DECISION OF THE ADMINISTRATIVE LAW JUDGE**[1]

The ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2010, and he had the following severe impairments: hypertension, supraventricular tachycardia /angina pectoris without ischemic heart disease, status post radiofrequency ablation, and pacemaker implantation.  (Tr. 13)  However, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 14)

According to the ALJ, Plaintiff has the residual functional capacity ("RFC") to do medium work that does not involve climbing, balancing exposure to hazards, and overhead reaching with his non-dominant upper extremity.  (Tr. 15)  The VE testified that the jobs available with these limitations were grocery store bagger and furniture assembler.  (Tr. 38)  Accordingly, the ALJ determined that Plaintiff could perform a significant number of other jobs existing in the national economy, and found he was not disabled.

**III.   ANALYSIS**

    **A.    Standard of Review**

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

[3] *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

**B.     Plaintiff's Arguments for Reversal**

Plaintiff asserts that the Commissioner's decision should be reversed because the ALJ failed to consider whether he could work on a sustained basis. (Doc. No. 14)  Plaintiff contends that the "evidence overwhelmingly indicated that [he] experienced significant fatigue upon exertion and operated at a reduced pace due to the effects of his cardiac impairments." (*Id.*)

The ALJ properly concluded that the alleged severity of Plaintiff's impairments were not support by the record.  Several things weigh against Plaintiff's credibility.  For example, though Plaintiff has not engaged in substantial gainful activity since July 2010, notes from that time indicate that he was "quite active and can walk 3 miles with no problems." (Tr. 246)  Later that year, a treating physician noted that Plaintiff does well when he is compliant with his medications.[6] (Tr. 274)

Plaintiff has an long history of smoking and alcohol consumption.[7]  In May 2011, less than a month after getting a pacemaker, Plaintiff was taken to the emergency room after getting fall-down drunk and belligerent. (Tr. 426-428, 590-591)  In June 2011, he reported that he drinks a six-pack

---

[4]*Id.* (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id.* (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

[6]*Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").

[7]Notes from July 2010 indicate that Plaintiff smokes a half pack a day, drinks daily, and smokes marijuana. (Tr. 219)

3

a day and smokes a pack a day. (Tr. 609, 619) Smoking and drinking are expensive, ongoing habits that can be considered when weighing Plaintiff's credibility.[8]  Additionally, they are habits that directly exacerbate Plaintiff's medical conditions.  Yet, he has continued to smoke and drink excessively despite being directed to stop by his treating doctors.  (Tr. 246)

On August 23, 2011, Plaintiff reported that he had been out of his medication since June and cannot afford his medication. (Tr. 707, 731) Yet, as mentioned above, Plaintiff has ongoing drinking and smoking habits which weight against the credibility of his claim that he cannot afford his medication.[9]  Additionally, there was no evidence that Plaintiff ever attempted to obtain low cost or no cost medications that might be available.[10]  Also weighing against Plaintiff's credibility is the fact that he told an examining psychologist that he does not get drunk, yet he was intoxicated during his May 2011 emergency room visit.  (Tr. 590-591, 732)

Finally, Plaintiff testified that he takes only blood pressure medication and aspirin to treat his impairments.  (Tr. 34, 426-28)  As the ALJ noted, Plaintiff's hypertension was controlled with medication.[11]  (Tr. 610)

Plaintiff points out, and the ALJ recognized, that he would work "at a slower pace" because of his impairments; but working at a slower pace does not render a person disabled.  (Tr. 16).

---

[8]*Mouser v. Astrue*, 5454 F.3d 634, 638 (8th Cir. 2008) (holding that "there is no dispute that smoking has a direct impact on [claimant's] pulmonary impairments.  Thus, the ALJ appropriately considered [his] failure to stop smoking in making his credibility determination.").

[9]*Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (rejecting claimant's position that he could not afford medication when "there is no evidence to suggest that he sought any treatment offered to indigents or chose to forgo smoking three packs of cigarettes a day to help finance pain medication.").

[10]*Murphy v. Sullivan*, 953 F.2d 383, 386-87 (8th Cir. 1992).

[11]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling.").

## IV. CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 26th day of May, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE